MILLER *v.* BANK OF HOLLY SPRINGS.*

(Division B. April 6, 1925.)

[103 So. 362.   No. 24833.]

TRUSTS.   *Testamentary trustee, accepting trust and entering on duties, held entitled to sue for cestui que trust without qualifying as trustee.*

Under will appointing an executor and also designating him as trustee, without requiring him to qualify in any way to act as trustee, he, on accepting the trust and entering on the duties of trustee, became the trustee with authority to act for the minor *cestui que trust,* and could sue for property of the trust, which he, acting in fact as trustee, had deposited with defendant for safe-keeping.

*Headnote 1. Trusts, 39 Cyc., p. 446.

APPEAL from circuit court of Marshall county.

HON. THOS. E. PEGRAM, Judge.

Action by John M. Miller, trustee, against the Bank of Holly Springs. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

*E. M. Smith, E. C. Wright* and *D. M. Featherstone,* for appellant.

I.   The question which lies at the foundation of this case is this: Did the lower court err in dismissing appellant's suit without prejudice on the ground that he as executor and trustee had no legal right to bring the suit as such under the last will and testament of Jeff D. Tucker, deceased?   And for this reason we will consider together all of the assignments of error as one, as the sustaining of appellee's motion to dismiss said suit brings before the court the whole record.

138 Miss.—34.

It is the contention of the appellant that it is immaterial to the proper solution of the question before this court whether the parties named in the will ever legally qualified under our statute as executors or not, for under the will they are expressly appointed as trustees, also, to do and perform certain definite and specific duties as trustees in the management and control of the estate of the minor Clara Elizabeth Tucker separate and apart from their duties as executors, and we insist that they were not required to qualify as trustees in any special legal form, and, therefore, it was unnecessary for them to obtain any order of the court in this connection. 39 Cyc. 254 D.

Under the will all the qualification necessary was for said trustees to assume the duties imposed upon them by the will in the control and management of the minor's estate. The only reasonable conclusion that can.be drawn from the record in this case is, that appellant, accepted said trust by going forward and exercising the power and authority given to him by the will, and actively administering the property for the benefit of the *cestui que trust.* This was sufficient acceptance of the trust. 39 Cyc. 252-3 C; *Kennedy* v. *Winn,* 80 Ala. 165; 26 R. C. L., sec. 28, pp. 1191, 1192; *Freeman* v. *Brown,* 115 Ga. 23.

The trust imposed by the will upon the appellant is separate and distinct from the office of executor, and the failure of appellant to have letters testamentary issued to him is not *per se* a disclaimer of the trust. *Painter* v. *Clark,* 13 Met. (Mass.) 220; *Garner* v. *Dowling,* 2 Heisk. (Tenn.) 48; *De Peyster* v. *Clendinning,* 8 Paige 295; *Dunning* v. *Ocean Nat'l Bank,* 61 N. Y. 497.

While it is true that appellant did not legally qualify as executor of the will of Jeff D. Tucker, deceased, yet by performing without challenge the duties of executor and acting as such in receiving and receipting for the proceeds of the personal property, he thereby under the law became a volunteer trustee, and as such must account for the funds so received. *Heusseal* v. *Gibbs and Patter-*

*son,* 23 Am. Dec. 186; *Fullerton* v. *Jackson,* 5 Johns. Ch. 38; *Campbell* v. *Mansfield,* 104 Miss. 547, is somewhat similar to the one at bar as to the facts.

II. The appellee bank is not in a position to deny the representative capacity in which this action is brought. This can only be done by special plea verified by oath. Section 1974, Code of 1906. The fact that appellee assumed the burden of proof in the lower court and affirmatively showed by the chancery court's record that appellant was not executor and trustee, was not sufficient to meet the requirements of the statute. *Thompson, Trustee,* v. *First Nat'l Bank,* 85 Miss. 261. It has already been held by this court in *J. M. Miller* v. *Bank of Holly Springs,* 131 Miss. 55, that appellee was authorized to receive deposits of this character under its charter.

It is an elementary principle of law that a bailee cannot in general, dispute the title of his bailor, and his duty on the termination of the bailment, is to restore the property to the person from whom he received it. We recognize, however, that there are exceptions to the above general rule, viz: That the bailee can plead as a bar that he has been deprived of the property by due process of law; second, that the bailee has yielded possession to one having paramount title; third, that bailee is defending on the title and right and by the authority of a third person. 6 C. J., sec. 37, pp. 1108-1109; *Riddle* v. *Blair,* 42 So. 560; Edwards on Bailments, sec. 54.

But if there was any doubt about the general principle of law on this point the same is well settled in this state by our own supreme court, which holds ''that the bailee· cannot himself hold the property by setting up title in a third person.'' *Abasi Bros.* v. *L. & N. R. R. Co.,* 115 Miss. 810; *Hattiesburg Auto Sales Co.* v. *Morrison,* 101 So. 690.

The appellee having received the war savings stamps and accepted the same from appellant as bailee, is now estopped from denying appellant's title as bailor regard-

less of the capacity in which the suit is brought, pro-
vided, it is brought in the capacity in which said bailee
received said stamps.   3 Am. & Eng. Ency. of Law 758;
*Boron* v. *Landes,* 1 Duv. (Ky.) 299; *McCafferty* v. *Brady,*
5 Pac. 565; *Hanes* v. *Shapiro,* 168 N. C. 24; *Simpson* v.
*Wrenn,* 50 Ill. 222.

*L. A. Smith,* for appellee.

We will argue two points, which dispose of the ap-
peal in my judgment.   They are, (1), that the identity of
the party who brought the suit for the recovery of the
damages for the negligent failure to return the bailed
articles was different from the identity of the party who
made the bailment; (2), that there was no special bail-
ment based on any consideration.

At the outset we recognize the rule that a bailee may
not dispute the legal title of the bailor in the property
bailed.   But this whole case is predicated on the action
taken not by a principal or *cestui qui trust,* but by a per-
sonal representative, and as there are many kinds of per-
sonal representatives, the very first question presenting
itself is whether the plaintiff is bringing this suit in the
capacity in which the bailment was made, and is he in
fact what he identifies himself as being, the executor un-
der the will of Jeff D. Tucker and trustee of Elizabeth
Tucker under said will?   The appellee contends that he
is not the executor under the will of Jeff D. Tucker, that
he is not the trustee for Elizabeth Tucker under the will
of Jeff D. Tucker, and that he made this bailment not
as executor and trustee but as administrator for Eliza-
beth Tucker.

Our own court make the point that the identity of the
representative capacity of a party is just as important
as his personal identity, and for the reason, that other-
wise no benefit of *res adjudicata* would ensue.   *Cushing*
v. *Gibson,* 1 Walker 87.   From the evidence, we see that
appellant was only nominated as executor and permitted
to qualify without bond, and that the executor was to

become the trustee of Miss Tucker. But there was no executor and as the trustee as only *ex officio* the executor, there was no trustee. Black's Law Dictionary 445; 12 Am. & Eng. Ency. of Law (2 Ed.), 391; 25 Ency. Procedure, 1090, and authorities there cited.

We make the point that there was no executor, and that certainly appellant was not executor because he never qualified. This brings us to the question: When is one an executor and how must he do in order to qualify? Section 1671, Hemingway's Code, section 2006, Code of 1906.

In other words, the issuance of letters testamentary is required and the issuance of letters testamentary is evidence of a judicial adjudication by the court not only that the party to whom issued was nominated as executor, but that he has accepted the trust by taking the oath thereof, and that he is not under any legal disability to hold the office.

Appellant's case of *Campbell* v. *Mansfield,* 104 Miss. 547, is not in line, because the will at bar directs that the parties named shall qualify by express terms, without giving bond, and because the parties nominated, rejected the acceptance of the trust in the way the law required in such cases. It is not a case of ineffectual appointment, but of failure to qualify. See, *Marshall* v. *King,* 24 Miss. 85; *Windham* v. *Williams,* 27 Miss. 313; *Witcher* v. *Wilson,* 47 Miss. 663; *Weir* v. *Monahan,* 67 Miss. 434, 7 So. 291; *Grant* v. *Spann,* 34 Miss. 294.

Appellant never became more than a nominee to the office of executor, because he never qualified as directed by the will of J. D. Tucker, and as required by law, and hence, I submit, could not legally bring or maintain this suit as executor under the last will and testament of J. D. Tucker and trustee thereunder for Elizabeth Tucker.

*E. M. Smith, E. C. Wright* and *D. M. Featherstone,* for appellant in reply.

To explain our position more fully, the will of Jeff D. Tucker appointed the appellant who is the surviving

executor named in the will, executor and also appointed
him to act as trustee for his minor child. The probate
of the will being the grant of a power not appertaining
to the duties of executor in the general administration
of the estate in so far as the management and control of
the estate of Elizabeth Tucker as trustee was or is, con-
cerned, it was not necessary for appellant to qualify as
executor to execute the power conferred upon him as
trustee. "Probate is, however, merely operative as the
authenticated evidence, and not as the foundation of
the executor's title; for he derives all his interest from
the will itself, and the property of the deceased vests in
him from the moment of the testator's death." *Crusoe*
v. *Butler,* 36 Miss. 170.

The office of appellant as executor and the officer as
trustee was separate and distinct, and the power con-
ferred upon him as trustee did not depend upon his qual-
ifying as executor according to the statutory form. We
take no issue with appellee's counsel as to the general re-
quirements of the statute.

Counsel for appellee do not question that as between
appellant and Miss Elizabeth Tucker, appellant was in-
deed a trustee, a fiduciary of some sort, though not the
kind of fiduciary appellant claims to be. If he was or is
indeed a trustee as between himself and Elizabeth Tuck-
er, a judgment rendered in the case at bar would be *res
adjudicata* as to appellant and his *cestui que trust* cer-
tainly, and the bank who is called upon to account to
this trustee. *Manly et al.* v. *Thomas Kidd, Adm'r.,* 33
Miss. 141.

HOLDEN, P. J., delivered the opinion of the court.

John M. Miller, trustee, appeals from an order of the
circuit court dismissing his suit against the Bank of Holly
Springs, in which appellant sought to recover for the
value of United States war savings stamps in the value of
five hundred dollars, which he claimed he had deposited

with the appellee bank, and which were not returned to him because the vault was burglarized and the stamps stolen therefrom.

The case is identical with the case of *John M. Miller v. Bank of Holly Springs,* 131 Miss. 55, 95 So. 129, 31 A. L. R. 698, except that Miller was suing in his own right in that case, while here he was suing as trustee for Elizabeth Tucker, a minor, who owned the stamps which were intrusted to him and were deposited by him in the bank for safekeeping.

The present suit was peremptorily dismissed upon the ground that appellant, Miller, had no legal right to bring the suit for the recovery of the stamps for the minor, Elizabeth Tucker, because he had not qualified as executor and trustee under the provisions of the will of the father of the minor, who bequeathed the property to her, and it is contended by the appellant that the court was in error in dismissing the suit.

We think, under the terms of the will, the appellant, John M. Miller, was authorized to bring the suit as trustee for the minor. The will did not require that Miller qualify in any way in order to act as trustee, but the provision appointing him as executor, which might necessarily require him to qualify as such, also designated him as trustee, and when he accepted the trust, and entered upon the duties of trustee, he became the trustee, with authority to act for the minor, and had the right to bring this suit to recover the stamps, the property of the minor, which he, acting in fact as trustee, had deposited in the bank for safe-keeping.

We do not think the appellee bank is in a position to question the authority of appellant to recover the stamps, since it was responsible to appellant to account for the stamps, which it had accepted from him for safe-keeping. In our opinion, Miller was a *de jure* trustee under the will, and the appellee bank was responsible to him for the deposit of the stamps and he must account to the minor for them. A recovery by him as trustee would bar

any right of the minor to recover for the stamps in any subsequent proceeding.

Therefore the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*